PERRY E. CANFIELD et al., Appellees, v. NORTHERN SECURITIES COM-PANY, Defendant, Appellant, NORTHERN TRUST & SAVINGS BANK et al., Defendants, Appellees, UNION SECURITIES COMPANY et al., Interveners, Appellees.

No. 42039.

JULY 18, 1933.

Harry Hansen, for appellant Northern Securities Co.

Miller, Miller & Miller, for appellee The Maccabees.

Gibson & Stewart, for appellee L. A. Andrew, Banking Commissioner of Iowa, as receiver of Commercial Savings Bank.

Clark, Byers, Hutchinson & Garber, for appellees Trustees of Bertha A. Rood Trust, R. A. Crawford, and Howard J. Clark.

H. W. Hanson, for appellees Perry E. and Lee Canfield, Pauline Kroll, W. H. Halpenny, Edwin and Ernestine Pomplum.

Lloyd H. Williams, for appellee R. B. McGregor.

C. B. Hextell, for appellees Northern Trust & Savings Bank and Union Securities Co.

H. L. Bump, for appellee W. J. Sandberg.

Herbert H. Hauge, for appellee A. O. Hauge.

A. C. McGill, for appellee Equitable Life Ins. Co.

MITCHELL, J.—The Northern Securities Company is an Iowa corporation, and is the owner of the real estate involved in the case at bar, which is known as the Hanwood business and apartment building, located at 1401-1419 Locust street, in the city of Des Moines, Iowa. The building is three stories in height, and covers the entire area of two lots, having a frontage of 101 feet on Locust street and 167 feet on the proposed opening, extension, and widening of Fourteenth street. There is a brick party wall running north and south on the party line between the two lots, with openings for passageway, making it practicable to operate the building as a whole or to divide it into two separate buildings. The east lot is owned in fee by the Northern Securities Company, and is incumbered by a deed of trust and a supplement thereto, including furniture, in the aggregate sum of $117,600, securing first mortgage bonds known as series "B". The fee title to the west lot is owned by J. A. Wagner, and is leased to the Northern Securities Company under a 99-year lease, at a monthly rental of $187.50. The west lot is incumbered by a mortgage of $40,000 to the Equitable Life Insurance Company of Iowa. No foreclosure has been asked of this mortgage. Covering both halves of the building, in other words, the entire building is a second deed of trust, securing $50,000 of bonds, known as series "A". On the 18th day of October, 1924, the Northern Securities Company made to the Valley National Bank a trust agreement and deed for the purpose of obtaining for the use and benefit of the Northern Securities Company certain funds then in the hands of said bank. No rights are claimed by any one under this instrument. On the 13th day of August, 1927, the appellees Perry E. Canfield and Lee Canfield, who were the owners of certain of the series "B" bonds, commenced an action in the district court of Polk county,

Iowa, alleging that the Northern Securities Company was insolvent, asking that a receiver be appointed to take charge of the realty pledged in the deed of trust which was given to secure the bonds which the said appellees owned, and that said receiver be placed in possession of said property and administer the same under the direction of this court. Thereafter there were petitions of intervention filed by certain owners of series "B" bonds. And on the 19th day of November, 1927, the Northern Securities Company and some of the other defendants filed answer to the petition of appellees and the petitions of intervention which were filed. On the 28th day of November, 1927, the matter came on for hearing before the district court of Polk county, Iowa, upon the petition of the appellees and the petitions of intervention, and, after the hearing, the court entered the following order:

"ORDER APPOINTING TEMPORARY RECEIVER.

"Now on this 28th day of November, 1927, this matter comes on for hearing on the plaintiff's application for the appointment of a temporary receiver, and the Court being fully advised in the premises, finds that a temporary receiver should be appointed for Lot 4, Block 1, and Lot Five (5), Block One (1), of J. C. Savery's Park Addition now included in and forming a part of the City of Des Moines.

"It is therefore ordered, considered and adjudged, That R. A. Crawford be and is hereby appointed a temporary receiver of said property, together with the building situated thereon and all the furniture and fixtures in said buildings; that said R. A. Crawford is to rent said property, collect the rent and operate the same under the orders of this Court, and that the income from that part of the property located on Lot Four (4) shall be kept in one account and the income from that part of the property located on Lot Five (5), shall be kept in one account and one-half of the operating expense paid out of each account. All other distributions are to be made as the Court may from time to time order.

"Bond of R. A. Crawford as temporary receiver is fixed at $3,000.00 to be approved by the Clerk."

Thereafter, to wit, on December 22, 1932, the Northern Trust & Savings Bank, trustee, filed its duly verified petition of intervention, asking foreclosure of the deed of trust securing the bond issue of $50,000, known as series "A" bonds. On the 7th day of March,

1933, the Northern Securities Company filed an application for continuance, setting up in its application that it was entitled to a continuance of this case until March 1, 1935, under the provisions of the Emergency Debtors' Relief Act passed by the Forty-fifth General Assembly of the state of Iowa (chapter 182). The Northern Securities Company in said application for a continuance asked the court for an order, continuing the case to the 1st day of March, 1935; that said receivership should be discontinued and the receiver discharged; that the defendant be given possession and control of said real estate and the furniture and equipment therein; that the court determine fair rental terms to be paid by the defendant and the application and distribution of the rents, income, and profits from said real estate, and make such provision for the preservation of said property as will be just and equitable during the continuance of said cause. To this application the appellees and the intervenors filed a resistance. The matter came on before the court for hearing on the 17th day of March, 1933. The court advised the appellant that it was ready to hear evidence if the appellant desired to offer any evidence, and the appellant, through its attorney, who also appears to be the president of the Northern Securities Company, informed the court that they did not desire to offer any evidence.

The court listened to the argument of counsel on both sides, and, after a full and complete hearing, entered an order overruling the motion of appellant, and from said order overruling said motion the appellant has appealed to this court. The appellant relied entirely in its application for continuance of said cause to March 1, 1935, upon the provisions of the Emergency Debtors' Relief Act, which was passed by the Forty-fifth General Assembly.

The appellant in its application asked the court to remove the receiver and to place the appellant in possession of the property. The original action which was brought in this case prayed for the appointment of a receiver of the Northern Securities Company, alleging that said Northern Securities Company was insolvent, and that a receiver be appointed to take charge of its property and to administer the same under the direction of the court, and to take charge of the realty pledged in the deed of trust pending the foreclosure by the trustee of the trust agreement which was given as security for the bonds, part of which were owned by the appellees. Certain petitions of intervention were filed by other bondholders, praying for the same relief as asked for in the original petition. In 1927 the

lower court determined the rights of the holders of the "B" bonds secured by the mortgage, and the rights of the Northern Securities Company as the owner of the real estate and as the artificial person liable on the first mortgage, deed of trust, the bonds secured thereby, and at that time found and held that the appellant was not entitled to the possession of the real estate or to the rents, income, and profit therefrom. Instead, the district court of Polk county in November, 1927, took possession of said real estate through its receiver, and ever since has been operating and managing the same, collecting the rents, income, and profits and making disbursements thereof. Thus it appears that, as the lower court appointed a receiver almost six years ago to take possession of the said property and to collect the rents and profits therefrom, the very thing which the appellant now desires to have done has already been done by this court more than six years ago, and that the same is now res adjudicata. The court is already in possession of the property through its receiver, and has been for almost six years. If the acts and doings of the present receiver have not been or are not satisfactory to the court, it is the business of the court to see that such receiver or any other appointed in his stead, if necessary, act in such a way as to meet with the complete satisfaction of the court, pending the hearing of this suit upon its merits. The receiver who was appointed almost six years ago is an officer of the court, and his conduct can be controlled and regulated by the court not only to the satisfaction of the litigants but to the satisfaction of the court. In the case at bar the court is already in possession of the real estate through its receiver, and the matters which the appellant now desires to have determined, first, the right of possession, and, second, the right of income, already have been adjudicated by this court in the order entered in 1927. For almost six years this case, for reasons not shown in the record, has been continued. The court through its receiver is in possession of the property. The court controls the income and distribution of same. This case was advanced by this court with the understanding that the Emergency Debtors' Relief Act was properly raised in this case, and an early decision as to the constitutionality of this act would be of great benefit to the bar and people of Iowa. It appears clearly from this record that, as this is a case covering the appointment of a receiver for an insolvent corporation, the Emergency Debtors' Relief Act does not apply, and that therefore this court cannot at this time pass upon said act.

The order, judgment, and decree of the lower court is correct, and the same must be, and it is hereby, affirmed.

All Justices concur.